JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Dwayne Stowers, appeals from the judgment of the Cuyahoga County Common Pleas Court, rendered after a jury verdict, finding him guilty of drug trafficking and possession of criminal tools. Appellant contends that the evidence was insufficient to support his convictions. We find no merit to appellant's appeal and affirm.
 {¶ 2} In July 2002, the Cuyahoga County Grand Jury indicted appellant on one count of drug trafficking, in violation of R.C. 2925.03, and one count of possession of criminal tools, in violation of R.C.2923.24. Appellant pled not guilty to the indictment and the case proceeded to trial.
 {¶ 3} Michael Dick testified at trial that on April 25, 2002, he picked up his friend, Kyle Podgorski, in his 1997 Oldsmobile Cutlass Supreme and asked Kyle if he could get him some cocaine. Kyle told Michael that he knew someone who could get the cocaine and then called Gregory Blatnick.
 {¶ 4} Michael testified that when he and Kyle picked up Gregory at his hotel a short time later, Gregory told them that he was looking for cocaine too. Michael gave Gregory $600 for the cocaine and he and Kyle then took Gregory to a park, where they waited in the car while Gregory telephoned appellant. Michael and Kyle then followed Gregory to appellant's nearby house, where Gregory got in appellant's car. According to Michael, he and Kyle then followed appellant's car to a donut shop, where they parked the car and waited.
 {¶ 5} Michael testified that after appellant went into the donut shop, another male came out of the shop and went to appellant's car. According to Michael, "like a minute later, Gregory hopped out of that car, and hopped into my car." Michael testified that after Gregory got in the car, he told them that "he got it."
 {¶ 6} Michael admitted that he was arrested, charged and pled guilty to possession of cocaine in connection with this incident. Michael also admitted that as part of his plea agreement, he agreed to testify against appellant.
 {¶ 7} Kyle Podgorski testified that he and Michael picked up Gregory at approximately 7 p.m. on April 25, 2002 "because Mike wanted to purchase some cocaine." According to Kyle, they dropped Gregory off in Archmere Park and then waited for him to return. Gregory and appellant eventually met back up with Kyle and Michael in the park.
 {¶ 8} Kyle testified that he and Michael then followed appellant and Gregory, who were in a Cadillac, to the Donut Hole on Ridge Road. Kyle testified that "then Mr. Stowers went inside, and came back outside and then shook Greg's hand, and then Greg came back in Michael's car and we left." According to Kyle, when Gregory got back in the car, he told them that he had the cocaine.
 {¶ 9} Gregory Blatnik testified that on April 25, 2002, he agreed to sell Kyle Podgorski some cocaine. According to Gregory, Kyle's friend, Michael Dick, wanted to buy a half-ounce of cocaine, as did Gregory.
 {¶ 10} Gregory testified that Michael and Kyle picked him up at his hotel and drove him to a park near appellant's house, where he met up with appellant. According to Gregory, he got in appellant's Cadillac and rode with him to the Donut Hole.
 {¶ 11} Gregory testified that he then gave appellant $1050 for the cocaine, and appellant got out of his car and went into the Donut Hole, while Gregory waited in the car. An unidentified male then exited the Donut Hole, approached appellant's car and put a sandwich baggie containing an ounce of cocaine on the seat next to Gregory. According to Gregory, he then got back in Michael's car and he, Michael and Kyle drove a half-mile down the road before they were pulled over and arrested.
 {¶ 12} Gregory admitted that he pled guilty to one count of drug possession and two counts of drug trafficking in connection with the incident and that, as part of his plea agreement, he agreed to testify against appellant.
 {¶ 13} Officer Jeffrey Thomson testified that at approximately 8:20 p.m. on April 25, 2002, he observed the occupants of two vehicles headed northbound on Ridge Road "acting in a suspicious manner." According to Thomson, two men in an Oldsmobile were trying to get the attention of the passenger in a Cadillac by pointing at him. Thomson then saw the Cadillac make a sharp left turn into the parking lot of Donut Hole restaurant; the Oldsmobile made a quick U-turn and then followed the Cadillac into the parking lot. His suspicions aroused, Thomson parked his unmarked police car across the street and watched.
 {¶ 14} According to Thomson, the area on Ridge Road around the Donut Hole was well-known for drug activity and in the previous two years, he had made approximately 75 drug-related arrests in that area.
 {¶ 15} Thomson testified that he watched the driver of the Cadillac walk into the donut shop and, without ordering anything, sit down with two males. The passenger remained in the Cadillac. A short time later, Thomson observed a white male come out of the restaurant, walk over to the Cadillac, open the driver's side door, crouch down and reach inside the Cadillac. After approximately 10 seconds, the male walked back in the restaurant. Thomson then saw appellant come out of the Donut Hole and motion for the passenger in the Cadillac to get out of the car. When the passenger got out, Thomson saw him give appellant a "high-five" handshake and then get into the waiting Oldsmobile, which headed south on Ridge Road. According to Thomson, the whole exchange took about only two minutes. Thinking that he had just observed a drug transaction, Thomson followed the Oldsmobile and called for back-up.
 {¶ 16} Ten to fifteen minutes later, Officer Robert Slattery stopped the Oldsmobile and ordered the right rear passenger, later identified as Gregory Blatnik, out of the car. Slattery then discovered a plastic bag containing powder cocaine in the waistband of Gregory's pants.
 {¶ 17} Officer Douglas Boyle testified that he and his partner then arrested appellant at the Donut Hole. Boyle testified that he did not find any drugs or money on appellant.
 {¶ 18} Two witnesses testified for the defense. James Ownbey, a convicted felon, testified that he was at the Donut Hole on April 25, 2002 and he saw appellant shake hands with two young white males outside the donut shop and then come into the restaurant, buy a donut and soda pop, and sit down. Ownbey testified that he did not see appellant hand money to anyone in the restaurant and did not see any of the patrons leave the restaurant and approach appellant's car after appellant entered the restaurant.
 {¶ 19} Anita Tankersley testified that she is the owner of the Donut Hole and that on April 25, 2002, she saw appellant pull up, exit his car and enter the restaurant. Tankersley testified that appellant then sat in the restaurant with Ownbey and another male, drinking coffee or pop. Tankersley also testified that she did not see appellant walk back out to his car after he entered the restaurant.
 {¶ 20} The jury subsequently found appellant guilty of drug trafficking and possession of criminal tools. The trial court sentenced appellant to four years incarceration on the drug trafficking offense and nine months incarceration on the possession of criminal tools offense, to be served concurrently.
 {¶ 21} Timely appealing, appellant has raised one assignment of error for our review. Appellant contends that the evidence was insufficient to support his convictions because there was no evidence that he sold or offered to sell cocaine to Blatnik and any evidence against him came from individuals with "strong motivations to lie."
 {¶ 22} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial.State v. Thompkins (1997), 78 Ohio St.3d 380,390. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The weight and credibility of the evidence are left to the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 23} Appellant was convicted of drug trafficking and possession of criminal tools. R.C. 2925.03, which defines the offense of drug trafficking, provides that:
 {¶ 24} "(A) No person shall knowingly * * *:
 {¶ 25} "(1) Sell or offer to sell a controlled substance;
 {¶ 26} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 27} R.C. 2923.24(A) provides that "No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 28} Here, the State's evidence, if believed, demonstrated that 1) Gregory Blatnik called appellant to purchase an ounce of cocaine; 2) appellant met Gregory and drove him to the Donut Hole, where Gregory gave appellant $1050 for the cocaine; 3) appellant left the car, went into the Donut Hole and sat down by two men; 4) a male exited the Donut Hole shortly thereafter, went to appellant's car, opened the driver's side door, left a plastic baggie of cocaine on the seat next to Gregory and then went back into the Donut Hole; 5) appellant came out of the Donut Hole and gave Gregory a high-five handshake; 6) Gregory got in the car with Michael and Kyle and told them that he had the cocaine; 7) Gregory, Michael and Kyle left the Donut Hole and were stopped by the police only 10-15 minutes later; and 7) the police found a plastic baggie of cocaine in the waistband of Gregory's pants.
 {¶ 29} Viewing this evidence in a light most favorable to the prosecution, it is apparent that a rational factfinder could have concluded beyond a reasonable doubt that appellant sold cocaine to Gregory Blatnik. Moreover, a rational factfinder could have concluded from this evidence that appellant used his Cadillac to facilitate the drug deal.
 {¶ 30} Appellant's assertion that the evidence against him was not credible because the witnesses were motivated to lie is without merit. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2s 230, 231. Moreover, there is no indication that any of the witnesses were less than credible. All of the witnesses, including the police officers, testified to the same sequence of events. The consistent description by Kyle, Michael and Gregory of the events that took place on April 25, 2002, combined with Officer Thomson's testimony regarding what he observed at the Donut Hole, lead to the reasonable conclusion that appellant sold cocaine to Gregory Blatnik.
 {¶ 31} Because there was sufficient evidence presented at trial to establish the requisite elements of drug trafficking and possession of criminal tools, appellant's assignment of error is overruled.
Judgment affirmed.
Michael J. Corrigan, P.J., and Ann Dyke, J., Concur.